An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-21

Filed 3 September 2025

Davie County, Nos. 22CRS050320-290, 22CRS050316-290, 22CRS050322-290, 22CRS050325-290

STATE OF NORTH CAROLINA

v.

ROBERT NATHANIEL DAVIS, JR.

Appeal by Defendant from judgments entered 8 December 2023 by Judge Richard S. Gottlieb in Davie County Superior Court. Heard in the Court of Appeals 13 August 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Micah C. Deveaux, for the State-Appellee.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katherine Jane Allen, for Defendant-Appellant.*

COLLINS, Judge.

Defendant, Robert Nathaniel Davis, Jr., appeals from judgments entered upon jury verdicts of guilty of attempted first-degree murder, assault with a deadly weapon with intent to kill, and discharging a firearm into an occupied vehicle while in operation. Defendant argues that he received ineffective assistance of counsel

because defense counsel forecasted evidence of self-defense in her opening statement but failed to offer evidence supporting self-defense at trial. In the alternative, Defendant asks this Court to dismiss this claim without prejudice to Defendant's right to assert the claim in a motion for appropriate relief in the trial court. We dismiss Defendant's claim without prejudice to its being asserted in a motion for appropriate relief in the trial court.

## I. Factual Background

Defendant was indicted in July 2022 for (1) attempted first-degree murder of Lawanda Bohannon; (2) attempted first-degree murder of her mother, Phyllis Bohannon; (3) assault with a deadly weapon with intent to kill Lawanda; (4) assault with a deadly weapon with intent to kill Phyllis; and (5) discharging a firearm into an occupied vehicle while in operation.

Prior to trial, Defendant provided the State with written notice of the affirmative defense of self-defense, in accordance with N.C. Gen. Stat. § 15A-905(c)(1). Defendant's case came on for trial on 4 December 2023. Prior to jury selection, the trial court stated to defense counsel, "When I inform . . . the potential jurors of the charges against the defendant, I'll inform the jury of the -- or the potential jurors of the affirmative defense, if you want me to do that at that time." Defense counsel responded, "Yes, sir."

Accordingly, when informing the prospective jurors of the case under N.C. Gen. Stat. § 15A-1213, the trial court stated,

> Ladies and gentlemen, the defendant is charged with two counts of attempted first[-]degree murder, two counts of assault with a deadly weapon with intent to kill, and one count of discharging a weapon into an occupied vehicle while in operation. The defendant, for his part, asserts an affirmative defense; that is, an affirmative defense of self[-]defense.

In her opening statement, defense counsel told the jury, "And it is our contention that there is an element of self-defense on Mr. Davis's part, and you are not going to be able to find that he had any intent to harm either Ms. Lawanda Bohannon or her mother." The State presented fourteen witnesses, including Lawanda and Phyllis, the only two eyewitnesses to the events at issue. Defense counsel cross examined each witness; the cross examinations did not elicit any evidence of self-defense. Defendant chose not to testify and the defense did not put on any evidence. Ultimately, no evidence of self-defense was introduced.

During the charge conference, the trial court indicated, "I used the substantive charge 206.17A, attempted first[-]degree murder, and deleted the self-defense elements." The State clarified, "Your Honor, just to be clear, did the Court say omitted self[-]defense?" The trial court responded, "I omitted self[-]defense." Defense counsel did not object. The trial court did not instruct the jury on self-defense.

The jury found Defendant not guilty of attempted first-degree murder of Phyllis but guilty of all other charges, including attempted first-degree murder of Lawanda. The trial court arrested judgment on the conviction for assault with a deadly weapon with intent to kill Lawanda. The trial court imposed consecutive

sentences as follows: 180-228 months' incarceration for the attempted first-degree

murder of Lawanda; 73-100 months' incarceration for shooting into an occupied

vehicle while in operation; and 29-47 months' incarceration, suspended for 30 months

of supervised probation, for assault with a deadly weapon with intent to kill Phyllis.

Defendant appeals.

## II.     Discussion

Defendant's sole argument on appeal is that he received ineffective assistance

of counsel because defense counsel forecasted evidence of self-defense in her opening

statement but failed to offer evidence supporting self-defense at trial.

To prevail on an ineffective assistance of counsel claim, a defendant "must

show that his counsel's conduct fell below an objective standard of reasonableness."

*State v. Campbell*, 359 N.C. 644, 690 (2005) (citation omitted).  To meet this burden,

the defendant must satisfy a two-part test:

> First, the defendant must show that counsel's performance
> was deficient.  This requires showing that counsel made
> errors so serious that counsel was not functioning as the
> 'counsel' guaranteed the defendant by the Sixth
> Amendment.  Second, the defendant must show that the
> deficient performance prejudiced the defense.     This
> requires showing that counsel's errors were so serious as to
> deprive the defendant of a fair trial, a trial whose result is
> reliable.

*Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Claims of ineffective assistance of counsel generally should be considered

through motions for appropriate relief in the trial court and not on direct appeal.

*State v. Stroud,* 147 N.C. App. 549, 553 (2001). Ineffective assistance of counsel claims brought on direct appeal will only be "decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as . . . an evidentiary hearing." *State v. Fair,* 354 N.C. 131, 166 (2001) (citations omitted). "This rule is consistent with the general principle that, on direct appeal, the reviewing court ordinarily limits its review to material included in 'the record on appeal and the verbatim transcript of proceedings, if one is designated.'" *Id.* (quoting N.C. R. App. P. 9(a)). Should we determine that an ineffective assistance of counsel claim has been "prematurely asserted on direct appeal," we shall dismiss the claim "without prejudice" to the defendant's right to reassert it during a subsequent motion for appropriate relief proceeding. *Id.* at 167.

Here, defense counsel provided the State with pre-trial written notice of the affirmative defense of self-defense. When the trial court asked defense counsel if she wanted him to "inform . . . the potential jurors of the affirmative defense," defense counsel responded, "Yes, sir." During her opening statement, defense counsel forecasted to the jury that "there is an element of self-defense on Mr. Davis's part[.]" However, no evidence of self-defense was elicited by defense counsel's cross examinations of witnesses, and the defense did not put on any evidence. The trial court thus determined, without objection, that it would not instruct the jury on self-defense.

The record before us contains nothing to allow us to determine whether defense counsel's decisions regarding self-defense constitute ineffective assistance of counsel. We therefore dismiss this claim without prejudice to Defendant's right to assert it in a motion for appropriate relief in the trial court.

### III.    Conclusion

We dismiss Defendant's claim of ineffective assistance of counsel without prejudice to its being asserted in a motion for appropriate relief in the trial court.

DISMISSED.

Chief Judge DILLON and Judge WOOD concur.

Report per Rule 30(e).